Frangiamore v Wayne Noel Drywall, Inc. (2019 NY Slip Op 05766)





Frangiamore v Wayne Noel Drywall, Inc.


2019 NY Slip Op 05766


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-06342
 (Index No. 602451/14)

[*1]Eva Frangiamore, appellant, 
v
Wayne Noel Drywall, Inc., et al., respondents.


Paul Ajlouny & Associates, P.C., Garden City, NY (Edward J. Nitkewicz and Justin S. Curtis of counsel), for appellant.
McCarthy & Associates, P.C. (Ropers Majeski Kohn Bentley P.C., New York, NY [Robert A. Suarez], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered May 24, 2017. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants do not dispute that the plaintiff has significant range of motion limitations in the cervical and lumbar regions of her spine, but only whether those limitations are causally related to the subject accident or due entirely to pre-existing conditions. Contrary to the defendants' contention, the probative value of their expert's causation opinion is no greater than the probative value of the causation opinion expressed by the plaintiff's expert. Under these circumstances, a triable issue of fact is presented (see Perl v Meher, 18 NY3d 208). Therefore, the defendants' motion for summary judgment should have been denied.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court